DENNIS J. HERRERA, State Bar #139669
City Attorney
JESSE C. SMITH, State Bar #122517
Chief Assistant City Attorney
RONALD P. FLYNN, State Bar #184186
Chief Deputy City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief of Complex and Affirmative Litigation
CHRISTINE VAN AKEN, State Bar #241755
TARA M. STEELEY, State Bar #231775
MOLLIE M. LEE, State Bar #251404
SARA J. EISENBERG, State Bar #269303
MATTHEW S. LEE, State Bar #295247
NEHA GUPTA, State Bar #308864
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4602
Telephone:     (415) 554-4748
Facsimile:      (415) 554-4715
E-Mail:          brittany.feitelberg@sfgov.org

Attorneys for Plaintiff
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Plaintiff,<br><br>    vs.<br><br>DONALD J. TRUMP, President of the United States, UNITED STATES OF AMERICA, JOHN F. KELLY, Secretary of United States Department of Homeland Security, JEFFERSON B. SESSIONS III, Attorney General of the United States, DOES 1-100,<br><br>    Defendants. | Case No. 3:17-cv-00485-WHO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:         May 2, 2017<br>Time:        1:30 p.m.<br>Judge:       Honorable William H. Orrick<br>Dept.:        Courtroom 2<br><br>Date Filed:  January 31, 2017<br>Trial Date:  Not set |

Plaintiff City and County of San Francisco ("Plaintiff" or "San Francisco") and Defendants DONALD J. TRUMP, President of the United States, UNITED STATES OF AMERICA, JOHN F. KELLY, Secretary of the United States Department of Homeland Security, and JEFFERSON B. SESSIONS III, Attorney General of the United States ("Defendants") respectfully submit this Joint Case Management Statement pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure and this Court's Standing Order titled "Contents of Joint Case Management Statement." Counsel for the parties met and conferred on these matters on April 11, 2017, and April 21, 2017.

## 1. **Jurisdiction and Service**

San Francisco's claims arise under the Constitution of the United States, the Tenth Amendment thereto, and the laws of the United States. This Court has jurisdiction under 28 U.S.C. Sections 1331 and 1346. This Court has further remedial authority under the Declaratory Judgment Act, 28 U.S.C. Sections 2201 and 2202 et seq.

No issues exist regarding personal jurisdiction or venue, and all named defendants have been served.

Plaintiff asserts that the Court has subject matter jurisdiction and that its claims are ripe. Defendants dispute subject matter jurisdiction on the grounds that San Francisco does not have standing and that its claims are not ripe.

## 2. **Facts**

### Plaintiff's Statement

San Francisco's body of Sanctuary City law is contained in two chapters of San Francisco's Administrative Code: Chapters 12H and 12I. Chapter 12H generally prohibits San Francisco departments, agencies, commissions, officers, and employees from using City funds or resources to assist in the enforcement of Federal immigration law, and specifically prohibits using City resources to gather or disseminate information regarding the release status or other confidential identifying information of individuals, unless such assistance is required by Federal or state law. Chapter 12I prohibits San Francisco law enforcement officials from (1) detaining an individual who is otherwise eligible for release from custody on the basis of a civil immigration detainer request issued by the

Federal government and (2) responding to a federal immigration officer's request for advance

notification of the date and time an individual in San Francisco's custody is being released, unless the

individual in question meets certain criteria. San Francisco departments have adopted and

implemented policies consistent with Chapters 12H and 12I.

On January 25, 2017, President Donald J. Trump issued Executive Order Number 13768,

entitled "Enhancing Public Safety in the Interior of the United States." The Executive Order declares,

"Sanctuary jurisdictions across the United States willfully violate Federal law in an attempt to shield

aliens from removal from the United States. These jurisdictions have caused immeasurable harm to the

American people and to the very fabric of our Republic." Executive Order § 1. To address the

purported harm caused by Sanctuary Cities, the Executive Order establishes the policy that

"jurisdictions that fail to comply with applicable Federal law do not receive Federal funds, except as

mandated by law." *Id*. at § 2. Section 9 of the Executive Order states:

> It is the policy of the executive branch to ensure, to the fullest extent of the law, that a State, or a political subdivision of a State, shall comply with 8 U.S.C. 1373.
>
> (a)  In furtherance of this policy, the Attorney General and the Secretary, in their discretion and to the extent consistent with law, shall ensure that jurisdictions that willfully refuse to comply with 8 U.S.C. 1373 (sanctuary jurisdictions) are not eligible to receive Federal grants, except as deemed necessary for law enforcement purposes by the Attorney General or the Secretary.  The Secretary has the authority to designate, in his discretion and to the extent consistent with law, a jurisdiction as a sanctuary jurisdiction.  The Attorney General shall take appropriate enforcement action against any entity that violates 8 U.S.C. 1373, or which has in effect a statute, policy, or practice that prevents or hinders the enforcement of Federal law.
>
> (b)  To better inform the public regarding the public safety threats associated with sanctuary jurisdictions, the Secretary shall utilize the Declined Detainer Outcome Report or its equivalent and, on a weekly basis, make public a comprehensive list of criminal actions committed by aliens and any jurisdiction that ignored or otherwise failed to honor any detainers with respect to such aliens.
>
> (c)  The Director of the Office of Management and Budget is directed to obtain and provide relevant and responsive information on all Federal grant money that currently is received by any sanctuary jurisdiction.

Defendants have made statements regarding the scope and application of this executive order

in public, as well as in court arguments and filings. It is San Francisco's position that it will inevitably

be designated as a "Sanctuary Jurisdiction" and that there are remaining questions about the precise

consequences that will flow from that designation.

San Francisco's annual operating budget for FY16-17 includes over $1.2 billion in federal funds. In addition, San Francisco expects to receive an additional $800 million in federal multi-year grants, largely for public infrastructure projects.

Defendants' Statement

Defendants are in the process of making several decisions and taking several steps that must be completed in order to implement the Executive Order. Defendants have not determined that any jurisdiction is a "sanctuary jurisdiction" under the Order.

**3.      Legal Issues**

Plaintiff's Statement

San Francisco's Complaint raises the following legal issues:

A.      Whether Section 9(a) of the Executive Order violates separation of powers as set forth in Article I, sec. 1 of the United States Constitution by exercising Spending Power that the Constitution grants to Congress.

B.      Whether Section 9(a) of the Executive Order violates the Tenth Amendment and the Spending Clause of the United States Constitution by:

1.      Imposing new funding conditions on existing federal funds;

2.      Imposing funding conditions not germane to the purpose of the funds;

3.      Imposing funding conditions so severe as to coerce compliance; and

4.      Imposing funding conditions that require jurisdictions to act unconstitutionally.

C.      Whether Section 9(a) of the Executive Order violates the Tenth Amendment to the United States Constitution by commandeering state and local governments by, *inter alia*, compelling them to comply with detainer requests.

D.      Whether 8 U.S.C. Section 1373 violates the Tenth Amendment to the United States Constitution on its face and as applied to San Francisco.

E.      Whether San Francisco laws and policies comply with 8 U.S.C. Section 1373.

F.      Whether San Francisco is entitled to a preliminary and permanent injunction, declaratory relief, and other relief as stated in the Complaint.

Defendants' Statement

This action presents the following legal issues:

      A.    Whether the plaintiff's claims are constitutionally ripe for judicial review.

      B.    Whether the plaintiff satisfies the requirements for constitutional standing.

      C.    Whether the plaintiff has stated a viable claim that 8 U.S.C. § 1373 violates the Tenth Amendment.

      D.    Whether the plaintiff has stated a viable claim for declaratory relief regarding its compliance with 8 U.S.C. § 1373.

      E.    Whether the plaintiff's law and policies violate 8 U.S.C. § 1373.

      F.    Whether 8 U.S.C. § 1373 violates the Tenth Amendment.

      G.    Whether Section 9(a) of the Executive Order violates the Tenth Amendment, the Separation of Powers, or the Spending Clause.

**4.**    **Motions**

The Court heard argument on San Francisco's Motion for Preliminary Injunction on April 14, 2017, and took the matter under submission. The Court issued an Order Granting the County of Santa Clara's and City and County of San Francisco's Motions to Enjoin Section 9(a) of the Executive Order 13768.

Defendants anticipate filing a motion to dismiss by April 28, 2017, which will be noticed for hearing on June 7, 2017, if that date remains available on the Court's calendar at the time of filing. San Francisco anticipates filing a motion for summary judgment and may file motions related to discovery disputes, if there are disputes the parties are unable to resolve.

**5.**    **Amendment of Pleadings**

The parties do not plan to amend the pleadings.

**6.**    **Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues

//

reasonably evident in this action. The parties have begun conferring regarding ESI protocols and will continue to meet and confer on this topic.

San Francisco has put into effect procedures to preserve hard copy and electronic records relating to San Francisco Administrative Code Chapters 12H or 12I; the City's Sanctuary City policies; and the impact of the Executive Order on the City's budget, finances, or operations. The time period covered is January 12, 2016 to the present.

Defendants are in the process of implementing a litigation hold to preserve hard copy and electronic records relating to the Executive Order and its implementation. The time period covered will be January 25, 2017, to the present.

**7.    Disclosures**

The parties will exchange the initial disclosures required by Fed. R. Civ. P. 26(a) on or before May 10, 2017. If Defendants have a preliminary injunction hearing on that date in *City of Richmond v. Trump et al.*, 17-cv-01535-WHO, the parties agree to extend the deadline for exchange of initial disclosures to May 11, 2017.

**8.    Discovery**

No discovery has been taken to date.

Plaintiff anticipates serving written discovery in April 2017, including interrogatories, requests for admissions, and requests for documents regarding the scope, definitions, and application of the Executive Order, including what federal funds are implicated; the status and designation of San Francisco as a Sanctuary Jurisdiction and the consequences of that designation under the Executive Order; Defendants' interpretation of 8 U.S.C. Section 1373 and whether Defendants contend that San Francisco's laws and policies violate 8 U.S.C. Section 1373; and Defendants' position regarding the nature of detainer requests. Depending on Defendants' responses, Plaintiff may serve additional discovery and/or notice depositions. Unless there are unusually protracted discovery disputes, Plaintiff anticipates being able to conclude discovery by Fall 2017.

Defendants believe discovery is not appropriate until the Court has resolved subject matter jurisdiction in deciding Defendants' forthcoming Motion to Dismiss. Defendants reserve the right to propound discovery requests upon the plaintiff.

The parties have agreed to electronic service for discovery. They have not agreed to any other proposed limitations or modifications of the discovery rules, and they have not yet considered entering into a stipulated e-discovery order. The parties are willing to meet and confer on this and other topics as necessary.

The parties propose the following Rule 26(f) Discovery Plan.

**A.**     **Initial Disclosures**

As noted in item 7 above, the parties intend to exchange initial disclosures on or before May 10 or 11, 2017. No changes in form or substance are necessary.

**B.**     **Discovery subjects and timing**

Plaintiff intends to propound discovery on the topics noted above. In order to facilitate dispositive motions, Plaintiff proposes that discovery should be complete by October 31, 2017.

**C.**     **Issues about disclosure, discovery, or preservation of electronically stored information**

No issues have arisen at this stage.

**D.**     **Privilege and protections**

The parties may assert privileges and protections, and if needed, will meet and confer regarding a stipulated protective order.

**E.**     **Discovery limitations**

As noted above, Defendants take the position that discovery is not appropriate until the Court has resolved subject matter jurisdiction in deciding Defendants' forthcoming Motion to Dismiss. Plaintiff disagrees. The parties have not discussed other discovery limitations.

**F.**     **Other orders**

The parties do not seek any discovery orders at this stage.

**9.**     <u>**Class Actions**</u>

This is not a class action.

**10.**     <u>**Related Cases**</u>

This action is related to two other cases pending in the Northern District of California:

- *County of Santa Clara v. Donald J. Trump et al.*, 17-cv-00574-WHO

- *City of Richmond v. Trump et al.*, 17-cv-01535-WHO

The parties are aware of two other pending cases challenging Section 9 of the Executive Order and/or 8 U.S.C. Section 1373:

- *City of Seattle v. Trump*, 2:17-cv-00497 (W.D. Wash.)
- *City of Chelsea et al. v. Trump*, 1:17-cv-10214-GAO (D. Mass)

**11.**   **Relief**

San Francisco requests that the Court:

A.   Declare that San Francisco laws comply with Section 1373;

B.   Declare that San Francisco policies and practices comply with Section 1373;

C.   Preliminarily and permanently enjoin Defendants from designating San Francisco as a jurisdiction that fails to comply with Section 1373;

D.   Declare that 8 U.S.C. Section 1373(a) is unconstitutional and invalid on its face;

E.   Enjoin Defendants from enforcing Section 1373(a) or using it as a condition for receiving federal funds;

F.   Declare that Section 1373(a) is invalid as applied to state and local Sanctuary City laws, like San Francisco Administrative Code Chapters 12H and 12I, which were enacted for legitimate local purposes related to public health and safety;

G.   Preliminarily and permanently enjoin Defendants from enforcing Section 1373(a) against jurisdictions that enact Sanctuary City laws for legitimate local purposes;

H.   Declare the Funding Restriction in Executive Order invalid;

I.   Preliminarily and permanently enjoin Defendants from enforcing the Funding Restriction in the Executive Order;

J.   Declare the Enforcement Directive in Executive Order invalid;

K.   Preliminarily and permanently enjoin unconstitutional applications of the Enforcement Directive in Executive Order Section 9(a);

L.   Award San Francisco reasonable costs and attorney's fees; and

M.      Grant any other further relief that the Court deems fit and proper.

## 12.     Settlement and ADR

The parties agree this case is unlikely to be resolved through settlement or ADR.

## 13.     Consent to Magistrate Judge for All Purposes

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

## 14.     Other References

The parties agree this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 15.     Narrowing of Issues

Defendants' forthcoming motion to dismiss will seek to narrow the issues in this case.

The parties will continue to meet and confer in an attempt to narrow the issues to be decided.

## 16.     Expedited Trial Procedure

The parties agree this is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64.

## 17.     Scheduling

The parties propose the following schedules. Defendants believe it is premature to propose dates for discovery cutoff, pretrial deadlines, or trial.

| Event | Plaintiff's Proposed Schedule | Defendants' Proposed Schedule |
| --- | --- | --- |
| Deadline for Defendants to file a Rule 12 Motion or otherwise respond to the Complaint | April 28, 2017 | April 28, 2017 |
| Deadline for the parties to exchange initial disclosures per Rule 26 | May 10 or 11, 2017 (see item 7, above) | May 10 or 11, 2017 (see item 7, above) |
| Close of fact discovery | October 31, 2017 | N/A |
| Deadline for filing dispositive motions | November 30, 2017 | N/A |

| Event | Plaintiff's Proposed Schedule | Defendants' Proposed Schedule |
|---|---|---|
| Last day to exchange papers described in Civil L.R. 16-10(b)(7),(8),(9) and (10) and any motions *in limine* (at least 28 days before Pre-Trial Conference) | January 26, 2018 | N/A |
| Last day to meet and confer before pre-trial conference (at least 21 days prior to pretrial conference) | February 2, 2018 | N/A |
| Deadline to file pre-trial conference statement, proposed Findings of Fact and Conclusions of Law, and motions *in limine* (at least 14 days prior to pretrial conference) | February 9, 2018 | N/A |
| Deadline to file response briefs to motions *in limine* (at least 7 days prior to pretrial conference) | February 16, 2018 | N/A |
| Final pretrial conference | February 26, 2018 | N/A |
| Trial | March 5, 2018 | N/A |

18.    **Trial**

The parties agree that a bench trial would be appropriate in this case, if a trial is needed. They estimate a trial length of five days.

19.    **Disclosure of Non-Party Interested Entities or Persons**

The parties are government entities and officials; therefore Civil Local Rule 3-15 does not apply.

20.    **Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

//

//

21.    <u>Other Matters</u>

The parties have no other matters to report.

Dated:  April 25, 2017

CHAD A. READLER
Acting Assistant Attorney General
BRIAN STRETCH
United States Attorney
JOHN R. TYLER
Assistant Director
W. SCOTT SIMPSON
Senior Trial Counsel

By:  <u>/s/ W. Scott Simpson</u>
        W. SCOTT SIMPSON (Va. Bar #27487)
        Senior Trial Counsel

Attorneys, Department of Justice
Civil Division, Room 7210
Federal Programs Branch
Post Office Box 883
Washington, DC  20044
Telephone:  (202) 514-3495
Facsimile:  (202) 616-8470
Email:  scott.simpson@usdoj.gov

COUNSEL FOR DEFENDANTS
DONALD J. TRUMP, President of the United
States; JOHN F. KELLY, Secretary of Homeland
Security; JEFFERSON B. SESSIONS, III,
Attorney General of the United States; and
UNITED STATES OF AMERICA

Dated:  April 25, 2017

DENNIS J. HERRERA
City Attorney
RONALD FLYNN
JESSE C. SMITH
YVONNE R. MERÉ
CHRISTINE VAN AKEN
TARA STEELEY
MOLLIE M. LEE
SARA J. EISENBERG
MATTHEW S. LEE
NEHA GUPTA

Deputy City Attorneys

By:  <u>/s/ Mollie M. Lee</u>
        MOLLIE M. LEE
        Deputy City Attorney

Attorneys for Plaintiff
CITY AND COUNTY OF SAN FRANCISCO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **FILER'S ATTESTATION**

I, Mollie M. Lee, am the ECF user whose identification and password are being used to file this JOINT CASE MANAGEMENT STATEMENT.  Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that the other above-named signatories concur in this filing.


Dated:  April 25, 2017

By:  */s/ Mollie M. Lee*
        MOLLIE M. LEE
        Deputy City Attorney

Attorneys for Plaintiff
CITY AND COUNTY OF SAN FRANCISCO