DENNIS J. HERRERA, State Bar #139669
City Attorney
JESSE C. SMITH, State Bar #122517
Chief Assistant City Attorney
RONALD P. FLYNN, State Bar #184186
Chief Deputy City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief of Complex and Affirmative Litigation
CHRISTINE VAN AKEN, State Bar #241755
TARA M. STEELEY, State Bar #231775
MOLLIE M. LEE, State Bar #251404
SARA J. EISENBERG, State Bar #269303
MATTHEW S. LEE, State Bar #295247
NEHA GUPTA, State Bar #308864
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4602
Telephone:     (415) 554-4748
Facsimile:      (415) 554-4715
E-Mail:          brittany.feitelberg@sfgov.org

Attorneys for Plaintiff
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD J. TRUMP, President of the United States, UNITED STATES OF AMERICA, JOHN F. KELLY, Secretary of United States Department of Homeland Security, JEFFERSON B. SESSIONS III, Attorney General of the United States, DOES 1-100,<br><br>Defendants. | Case No. 3:17-cv-00485-WHO<br><br>**PLAINTIFF CITY AND COUNTY OF SAN FRANCISCO'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S ORDER OF APRIL 25, 2017**<br><br>Date Filed: January 31, 2017<br>Trial Date: April 23, 2018 |

## I.   Introduction

Defendants filed a Motion for Leave to File a Motion for Reconsideration of the Court's Order of April 25, 2017 ("Motion") at 6:16 pm on May 22, 2017, requesting that the Court decide this Motion by May 23, 2017. Motion at 2-3, fn.1. Defendants argue that the Motion should be granted under Civil Local Rule 7-9(b), but the Court should reject this Motion because Defendants failed to act with reasonable diligence and, in the alternative, because they failed to show any change in material facts or law.

The Court should also reject Defendants' implicit request to file a Motion for Clarification of the Court's Order. Defendants characterize their underlying Motion as a "Motion for Reconsideration, or in the Alternative, Clarification of the Court's Order of April 25, 2017," but Defendants cite no authority for seeking clarification through a Motion for Leave to File a Motion for Reconsideration.

In filing this Opposition, Plaintiff does not waive or concede any arguments that may be made regarding the underlying Motion for Reconsideration or the Attorney General Memorandum regarding Implementation of Executive Order 13768.

## II.   Argument

### A.   Defendants have not acted with reasonable diligence.

The Court should deny Defendants' Motion because they have not met the threshold requirement of acting with reasonable diligence in bringing this motion. Local Rule 7-9(b) requires that "[t]he moving party must specifically show reasonable diligence in bringing the motion," as well as satisfy one of the factors set forth in subsections 7-9(b)(1), (2), or (3).

Defendants' Motion is based on the Attorney General Memorandum regarding Implementation of Executive Order 13768, which is dated May 22, 2017. Although the timing of this Memorandum was wholly within Defendants' control, Defendants waited to issue it until one business day before their statutory deadline to file a Motion for Reconsideration.

Defendants nowhere explain their unreasonable delay in issuing the Memorandum. They did not issue it promptly after the Executive Order issued on January 25, 2017, instead choosing to make public statements that directly contradict the interpretation now espoused in the Memorandum. *See, e.g.*, Order Granting the County of Santa Clara's and City and County of San Francisco's Motions to

Enjoin Section 9(a) of Executive Order 13768 (April 25, 2017) ("Order") at 3 (noting that "[t]he President has called [the Executive Order] 'a weapon' to use against jurisdictions that disagree with his preferred policies of immigration enforcement."). They did not issue the Memorandum after Plaintiff filed its complaint in this matter on January 31, 2017. And they did not issue the Memorandum during briefing or hearing on Plaintiff's Motion for a Preliminary Injunction. Instead, Defendants waited to issue the Memorandum—and file a Motion for Reconsideration based on the Memorandum—until a full 27 days after the Court issued its Order Granting Plaintiff's Motion for a Preliminary Injunction, and 117 days after the President issued the Executive Order. This is not acting with reasonable diligence, and the Motion should be denied on that basis alone.

### B. Defendants have not shown a change in material facts or law.

The Motion should also be denied because it fails to satisfy any of the specific factors established by Local Rule 7-9(b) for granting a Motion for Leave to File A Motion for Reconsideration. Defendants make mention of two of these factors but do not explain how they meet them. The Memorandum is not "a material difference in fact or law . . . from that which was presented to the Court before the entry of the interlocutory order for which reconsideration is sought," Local Rule 7-9(b)(1). Nor is it "emergence of new material facts or a change of law after the time of such order," *id*. at (b)(2).

As an initial matter, Defendants have not cited any case where, as here, the newly presented facts or law upon which the movant relies to justify its request for reconsideration was entirely within that party's control. Moreover, as Defendants concede, "the AG Memorandum is consistent with the position taken by government counsel at oral argument." Motion at 6. The Court thoroughly considered, and rejected, this attempt to rewrite the Executive Order in its Order of April 25. As the Court recognized,

> With regards to the merits of the Government's construction, the Order is not readily susceptible to the Government's narrow interpretation. Indeed, "[t]o read [the Order] as the Government desires requires rewriting, not just reinterpretation." *U.S. v. Stevens*, 559 U.S. 460, 481 (2010).

//

//

Order at 14.  Because it is the Executive Order itself that is unconstitutional, an AG Memorandum that repeats an interpretation of the Executive Order that this Court has already rejected is not a change in material facts or law that warrants granting them leave to seek reconsideration.

### III. Conclusion

Defendants come to Court with an emergency of their own making.  Defendants filed their Motion at 6:16 pm on May 22, 2017, and requested that the Court decide the Motion by May 23, 2017.  This leaves Plaintiff no meaningful time to oppose, and the Court almost no time to consider the Motion.  Further, the Motion fails for two independent reasons: 1) Defendants have failed to act diligently, and 2) Defendants have not shown "a material difference in fact or law" or "emergence of new material facts or a change of law."  Plaintiff respectfully requests that the Court deny the Motion.

Dated:  May 23, 2017

DENNIS J. HERRERA
City Attorney
RONALD FLYNN
JESSE C. SMITH
YVONNE R. MERÉ
CHRISTINE VAN AKEN
TARA STEELEY
MOLLIE M. LEE
SARA J. EISENBERG
MATTHEW S. LEE
NEHA GUPTA

Deputy City Attorneys


By: */s/ Mollie M. Lee*
MOLLIE M. LEE
Deputy City Attorney

Attorneys for Plaintiff
CITY AND COUNTY OF SAN FRANCISCO