UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SANTA CLARA,<br><br>    Plaintiff,<br><br>       v.<br><br>DONALD J. TRUMP, et al.,<br><br>    Defendants. | **ORDER GRANTING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Case No.  17-cv-00574-WHO |
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Plaintiff,<br><br>       v.<br><br>DONALD J. TRUMP, et al.,<br><br>    Defendants. | Case No.  17-cv-00485-WHO |

On May 22, 2017 the government moved for leave to file a Motion for Reconsideration or, in the Alternative, Clarification of the Court's Order of April 25, 2017. Motion for Leave (Mot.) (SF Dkt. No. 102) (SC Dkt. No. 108). The Motion for Leave and Motion for Reconsideration are brought on the basis of a new memorandum released by Attorney General Sessions on May 22, 2017, outlining the Department of Justice's official interpretation of Executive Order 13768. *See* AG Memo (SF Dkt. No. 102-1) (SC Dkt. No. 108-1). The government has requested an immediate ruling on its Motion for Leave as a result of a procedural complication. Under Ninth Circuit precedent, filing a timely motion for reconsideration would toll the government's time to appeal the court's preliminary injunction order of April 25, 2017. Under Federal Rule 59(e) such a motion must be brought within 28 days of the ruling – in this case May 23, 2017. Fed. R. Civ. P.

1  59(e). However, under Civil Local Rule 7-9 a party wishing to file a motion for reconsideration in
2  this district must obtain leave of court before doing so. Civ. L.R. 7-9(a). It is not clear that filing
3  a motion for leave, rather than a motion for reconsideration, would similarly toll the time for
4  appeal under Ninth Circuit precedent. *See* Mot. at 2 n.1.

5  The City and County of San Francisco and the County of Santa Clara oppose the Motion
6  for Leave, asserting that the government was not diligent in bringing the motion and has failed to
7  demonstrate a material change in facts or law. They also assert that the government's request for
8  an immediate ruling is an "emergency of [its] own making" because it delayed in releasing the AG
9  memorandum. The Counties assert that because the motion for leave was only filed yesterday
10 evening they have not had a meaningful opportunity to oppose it and the court has not had a
11 meaningful opportunity to consider it.

12 I am reluctant to reach a substantive decision on the government's Motion for Leave on
13 such short notice. I agree with the Counties that the government's timing issue is largely an
14 "emergency of [its] own making." But I am more reluctant to create a procedural ambiguity
15 regarding the tolling issue the government has identified simply because it failed to provide me
16 with sufficient time to consider the government's motion. As a result I will GRANT the
17 government's Motion for Leave to avoid this procedural complication and deem the government's
18 Motions for Reconsideration, (SF Dkt. No. 102-2) and (SC Dkt. No. 108-2), filed today, May 23,
19 2017. The Counties may file their oppositions to the motions in two weeks in accordance with the
20 Local Rules. I will consider the issues raised in the Counties' short oppositions regarding
21 diligence and material change of fact when evaluating the merits of the government's motion for
22 reconsideration.

23 **IT IS SO ORDERED.**

24 Dated: May 23, 2017

William H. Orrick
United States District Judge