1  LOUISE H. RENNE (SBN 36508)
   JONATHAN V. HOLTZMAN (SBN 99795)
2  LINDA M. ROSS (SBN 133874)
   lross@publiclawgroup.com
3  RENNE SLOAN HOLTZMAN SAKAI LLP
   1220 Seventh Street, Suite 300
4  Berkeley, CA  94710
   Ph. (510) 995-5800
5  Fx. (415) 678-3838

6  Attorneys for Amici Curiae

7                 IN THE UNITED STATES DISTRICT COURT

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 9  CITY AND COUNTY OF SAN FRANCISCO, | Case No. 17-cv-00485-WHO<br>Case No. 17-cv-00574-WHO |
| 10      Plaintiff, | (Related cases) |
| 11  v. | **ADMINISTRATIVE MOTION BY CALIFORNIA CITIES AND COUNTIES FOR LEAVE TO FILE AS AMICI CURIAE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| 12  DONALD J. TRUMP, President of the United States, UNITED STATES OF AMERICA, | |
| 13  JOHN F. KELLY, Secretary of United States Department of Homeland Security, | **MOTION FILED BY COUNTY OF ALAMEDA, CITY OF BERKELEY, CITY OF DAVIS, CITY** |
| 14  JEFFERSON B. SESSIONS, Attorney General of the United States, DOES 1-100, | **OF EAST PALO ALTO, CITY OF FREMONT, COUNTY OF MARIN, COUNTY OF** |
| 15      Defendants | **MONTEREY, CITY OF MOUNTAIN VIEW, CITY OF OAKLAND, CITY OF RICHMOND,** |
| 16 | **CITY OF SALINAS, CITY OF SAN JOSE, CITY OF SANTA CRUZ, AND CITY OF SANTA ROSA** |
| 17 | |
| 18  COUNTY OF SANTA CLARA, | Date:   July 12, 2017 |
| 19      Plaintiff, | Time:   2:00 p.m.<br>Judge: Hon. William H. Orrick, Ctrm. 2 |
| 20  v. | 450 Golden Gate Avenue<br>San Francisco, CA  94102 |
| 21  DONALD J. TRUMP, President of the United States of America, JOHN F. KELLY, in his | Action Filed:  January 31, 2017 |
| 22  official capacity as Secretary of the United States Department of Homeland Security, | |
| 23  DANA J. BOENTE, in his official capacity as Acting Attorney General of the United States, | Date:   July 12, 2017<br>Time:   2:00 p.m. |
| 24  MARK SANDY, in his official capacity as Acting Director of the Office of Management | Judge: Hon. William H. Orrick, Ctrm. 2<br>450 Golden Gate Avenue |
| 25  and Budget, and DOES 1-50, | San Francisco, CA  94102 |
| 26      Defendants | Action Filed:  February 3, 2017 |
| 27 | |
| 28 | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

This motion is brought by the following California cities and counties:  County of Alameda, City of Berkeley, City of Davis, City of East Palo Alto, City of Fremont, County of Marin, County of Monterey, City of Mountain View, City of Oakland, City of Richmond, City of Salinas, City of San Jose, City of Santa Cruz, and City of Santa Rosa.  These cities and counties respectfully move for leave to file an amicus curiae brief in opposition to the motion to dismiss filed by the government.  A copy of the proposed brief is attached as <u>Exhibit A</u> to this motion.

The Court previously granted Amici leave to file a brief in support of Plaintiffs' motions for preliminary injunction.  The instant brief demonstrates that, notwithstanding the Attorney General's memorandum, California cities and counties, and those nationwide, still are at risk of being targeted as "sanctuary jurisdictions," and denied funds, under the lawless and arbitrary Executive Order.

As established in Amici's brief in support of the preliminary injunction, California cities and counties rely on federal funds to provide a wide variety of essential services.  Amici recently or will soon enact balanced budgets for the coming fiscal year  July 2017 through June 2018.  In doing so, they were able to rely on the preliminary injunction, which enjoined the President's Executive Order.

The Attorney General's memorandum attempts to rescue the Executive Order by purporting to limit its scope.  But the Attorney General's memorandum cannot override the Executive Order, has no force of law or credibility, and itself creates uncertainty.  Accordingly, the government still threatens to deny federal funds to Amici and others in retaliation for conduct that is plainly legal or that has yet to be articulated.

For these reasons, Amici respectfully request that the Court grant leave to file the brief attached hereto as <u>Exhibit A</u>.

Dated:  June 28, 2017                                    RENNE SLOAN HOLTZMAN SAKAI LLP


By: <u>/s/ Linda M. Ross</u>
      LINDA M. ROSS

Attorneys for Amici Curiae

CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.


Date:  June 28, 2017                        /s/ Linda M. Ross

                                            RENNE SLOAN HOLTZMAN SAKAI LLP
                                            1220 Seventh Street, Suite 300
                                            Berkeley, CA 94710
                                            Telephone:  (510) 995-5800
                                            Facsimile:  (415) 678-3838



# EXHIBIT A

LOUISE H. RENNE (SBN 36508)
JONATHAN V. HOLTZMAN (SBN 99795)
LINDA M. ROSS (SBN 133874)
lross@publiclawgroup.com
RENNE SLOAN HOLTZMAN SAKAI LLP
1220 Seventh Street, Suite 300
Berkeley, CA 94710
Ph. (510) 995-5800
Fx. (415) 678-3838

Attorneys for Amici Curiae

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States, UNITED STATES OF AMERICA, JOHN F. KELLY, Secretary of United States Department of Homeland Security, JEFFERSON B. SESSIONS, Attorney General of the United States, DOES 1-100,<br><br>    Defendants | Case No. 17-cv-00485-WHO<br>Case No. 17-cv-00574-WHO<br>(Related cases)<br><br>**BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>**FILED BY AMICI CURIAE CALIFORNIA CITIES AND COUNTIES – COUNTY OF ALAMEDA, CITY OF BERKELEY, CITY OF DAVIS, CITY OF EAST PALO ALTO, CITY OF FREMONT, COUNTY OF MARIN, COUNTY OF MONTEREY, CITY OF MOUNTAIN VIEW, CITY OF OAKLAND, CITY OF RICHMOND, CITY OF SALINAS, CITY OF SAN JOSE, CITY OF SANTA CRUZ, AND CITY OF SANTA ROSA** |
| COUNTY OF SANTA CLARA,<br><br>    Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States of America, JOHN F. KELLY, in his official capacity as Secretary of the United States Department of Homeland Security, DANA J. BOENTE, in his official capacity as Acting Attorney General of the United States, MARK SANDY, in his official capacity as Acting Director of the Office of Management and Budget, and DOES 1-50,<br><br>    Defendants | Date:  July 12, 2017<br>Time:  2:00 p.m.<br>Judge: Hon. William H. Orrick, Ctrm. 2<br>        450 Golden Gate Avenue<br>        San Francisco, CA 94102<br><br>Action Filed:  January 31, 2017<br><br><br>Date:  July 12, 2017<br>Time:  2:00 p.m.<br>Judge: Hon. William H. Orrick, Ctrm. 2<br>        450 Golden Gate Avenue<br>        San Francisco, CA 94102<br><br>Action Filed:  February 3, 2017 |

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

## I.   INTRODUCTION

Amici cities and counties of California filed a brief in support of the motions for preliminary injunction filed by the County of Santa Clara and the City and County of San Francisco ("Plaintiffs").  In response to those motions, this Court rightfully entered a nationwide injunction against enforcement of the President's Executive Order on "sanctuary jurisdictions."  Amici now file this brief in opposition to the federal government's motion to dismiss.  The government claims that the Attorney General's limiting memorandum resolves all legal issues.  Amici strongly disagree.  The blatant illegality and threat of irreparable harm remain.

## II.   ARGUMENT

As established in Amici's brief in support of the preliminary injunction, California cities and counties rely on federal funds to provide a wide variety of essential services, including low income housing, centers and clinics for low income residents, social services such as Head Start, job training, public transit, emergency services, community policing and criminal justice services.  Federal funds provide a significant percentage of city and especially county budgets.

Amici recently enacted, or are in the final stages of enacting, balanced budgets for the coming fiscal year  July 2017 through June 2018.  In doing so, they were able to rely on the preliminary injunction, which enjoined the President's Executive Order.

The Attorney General's memorandum attempts to rescue the Executive Order by purporting to limit the Order to:  (1) certain Department of Justice grants and unspecified Department of Homeland Security (DHS) grants (and not all "federal grants" as stated in the Order), and (2) violations of 8 U.S.C. 1373 (and not any "statute, policy or practice that prevents or hinders the enforcement of federal law" as stated in the Order).

But nothing in the Attorney General's memorandum rescues the Executive Order from illegality or changes the harm being faced by Amici.  The government still threatens to deny federal funds to Amici and others in retaliation for conduct that is plainly legal or that has yet to be articulated.  The threat remains for the following reasons.

The Attorney General's memorandum does not, and cannot, override the President's Executive Order.  Accordingly, the Executive Order's sweeping directives remain along with the potential for

-1-

enforcement.  If the government truly believed that the Executive Order is of limited legality, as described in the Attorney General's memorandum, the President should withdraw the Executive Order. The President is well aware of this option, which he pursued in the "travel ban" case, where he withdrew and then narrowed his original executive order.  In contrast here, the President's refusal to withdraw or revise the "sanctuary jurisdiction" Executive Order is evidence that his administration does *not* intend to limit its enforcement to the situations proposed by the Attorney General's memorandum.

The Attorney General's memorandum also is at odds with the statements by the President and the Attorney General.  As detailed in Plaintiffs' briefs, even after the President took the oath of office, the President and his surrogates, including the Attorney General, repeatedly threatened to cripple "sanctuary jurisdictions" by denying all federal funding.  These statements are further and compelling evidence that the administration's intent, and possible actions, are not bound by the Attorney General's memorandum. A belated memorandum drafted by Justice Department attorneys, crafted to defend a lawsuit, cannot negate statements by elected and appointed officials.

Additionally, the President lacked legal authority to issue the Executive Order, and therefore there is no legal authority to support the Attorney General's rewrite of the General Order.  *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 586 (1952) (president's executive order "must stem either from an act of Congress or from the Constitution itself").  As demonstrated by Plaintiffs, Congress controls federal spending and Congress has not placed any conditions on federal grants that would deny grant money to "sanctuary jurisdictions" that fail to comply with 8 U.S.C. 1373 or any other federal law. Neither the Attorney General's memorandum nor the government's briefs identify a single act of Congress that conditions federal grant money on compliance.  In fact, the Plaintiffs demonstrated that Congress previously refused to enact any such restrictions.

Finally, the Attorney General's memorandum, even if implemented, leaves open the possibility of illegal conduct by the government against Amici.

- The memorandum does not purport to bind the Department of Homeland Security, which the Executive Order also tasked with ensuring "that jurisdictions that willfully refuse to comply with 8 U.S.C. 1373 (sanctuary jurisdiction) are not eligible to receive Federal grants …."  (Executive Order, 9(a).)  Amici include recipients of DHS grants for a wide variety of emergency

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

preparedness.  These grant funds have no nexus to immigration enforcement, and thus even Congress could not withhold them.  *South Dakota v. Dole*, 483 U.S. 203, 207-208 (1987) (conditions on federal grants must be related "to the federal interest in particular national projects or programs").

- The memorandum does not clarify what constitutes a "willful" violation of 8 U.S.C. 1373. Section 1373 prohibits a state or local jurisdiction from precluding its personnel from communicating with federal authorities concerning the immigration or citizenship status of an individual.  The memorandum leaves the government's interpretation uncertain.  Is Section 1373 to be limited to its text, or is something more required?  This uncertainty threatens Amici, who include recipients not only of DHS grants, but also of Justice Department grants that aid local law enforcement.  *South Dakota v. Dole*, 483 U.S. at 207 ("if Congress desires to condition the receipt of federal funds, it 'must do so unambiguously . . . , enabl[ing] the States to exercise their choice knowingly, cognizant of the consequences of their participation'").

- The memorandum does not address civil immigration detainers, which Amici are not required to honor and which, if honored, may create Fourth Amendment liability.  E.g. *Morales v. Chadbourne*, 793 F.3d 208, 215-218 (1st Cir. 2015).  The Executive Order suggested that immigration detainers were a litmus test for compliance.  The Attorney General's memorandum does not disavow such a test and Amici are left to wonder whether detainers are still an issue. Again eligibility for multiple federal grants may be involved.

Accordingly, even with its purported limitation of the Executive Order, the Attorney General's memorandum leaves in place a policy that is either outright illegal or unconstitutionally vague.

## III.    CONCLUSION

Despite the eleventh hour issuance of the Attorney General's memorandum, the Executive Order's illegal and coercive power remains.  The President has not withdrawn the Executive Order, the Attorney General's memorandum has no force of law or credibility, and the memorandum itself

//

//

//

-3-

1   continues the uncertainty about what is required of cities and counties.  Accordingly, Amici ask that this

2   Court deny the government's motion to dismiss.

3   Dated:  June 28, 2017

4                                                                    RENNE SLOAN HOLTZMAN SAKAI LLP

5

6                                                                    By: */s/ Linda M. Ross*
                                                                           LINDA M. ROSS
7
                                                                     Attorneys for Amici Curiae
8

9                                    Additional Counsel for Amici Curiae

10

11  DONNA R. ZIEGLER                                  HARVEY LEVINE
    County Counsel, County of Alameda                 Fremont City Attorney
12  Office of the County Counsel                      City Attorney's Office
    1221 Oak Street, Suite 450                        3300 Capitol Ave., Bldg. A
13  Oakland, CA  94612                                Fremont, CA  94538
    Ph. (510) 272-6700                                Ph. (510) 284-4030
14  Email: donna.ziegler@acgov.org                    Email: HLevine@fremont.gov
15
    *Attorney for County of Alameda*                  *Attorney for City of Fremont*
16
    ZACH COWAN                                        BRIAN E. WASHINGTON
17  City Attorney, City of Berkeley                   County Counsel, County of Marin
    Berkeley City Attorney's Office                   Office of the County Counsel
18  2180 Milvia Street                                3501 Civic Center Dr., Ste. 275
    Berkeley, CA  94701                               San Rafael, CA  94903
19  Ph. (510) 981-6950                                Ph. (415) 473-6117
    Email: zcowan@ci.berkeley.ca.us                   Email: BWashington@marincounty.org
20
21  *Attorney for City of Berkeley*                   *Attorney for County of Marin*

22  HARRIET STEINER                                   CHARLES J. MCKEE
    City Attorney, City of Davis                      County Counsel, County of Monterey
23  Best Best & Krieger, LLP                          Office of the County Counsel
    500 Capitol Mall, Ste. 1700                       168 West Alisal St., 3rd Flr.
24  Sacramento, CA  95814                             Salinas, CA  93901
    Ph. (916) 551-2821                                Ph. (831) 755-5045
25  Email: Harriet.Steiner@bbklaw.com                 Email: mckeecj@co.monterey.ca.us
26
27  *Attorney for City of Davis*                      *Attorney for County of Monterey*

28

RAFAEL ALVARADO
City Attorney, City of East Palo Alto
East Palo Alto City Attorney's Office
2415 University Avenue
East Palo Alto, CA  94303
Ph. (650) 853-5901
Email: ralvarado@cityofepa.org

*Attorney for City of East Palo Alto*

BARBARA PARKER
City Attorney, City of Oakland
Office of the City Attorney
City Hall, 6th Floor
1 Frank H. Ogawa Plaza
Oakland, CA  94612
Ph. (510) 238-3815
Email: bjparker@oaklandcityattorney.org

*Attorney for City of Oakland*

BRUCE GOODMILLER
City Attorney, City of Richmond
Office of the City Attorney
450 Civic Center Plaza, #303
Richmond, CA  94804
Ph. (510) 620-6509
Email: Bruce_Goodmiller@ci.richmond.ca.us

*Attorney for City of Richmond*

CHRISTOPHER A. CALLIHAN
City Attorney, City of Salinas
Office of the City Attorney
200 Lincoln Avenue
Salinas, CA  93901-2639
Ph. (831) 758-7256
Email: chrisc@ci.salinas.ca.us

*Attorney for City of Salinas*

JANNIE L. QUINN
Mountain View City Attorney
City of Mountain View
500 Castro Street
Mountain View, CA  94041
Ph. (650) 903-6496
Email: jannie.quinn@mountainview.gov

*Attorney for City of Mountain View*

RICHARD DOYLE
City Attorney, City of San Jose
Office of the City Attorney
200 E. Santa Clara St., 16th Flr.
San Jose, CA  95113
Ph. (408) 535-1900
Email: richard.doyle@sanjoseca.gov

*Attorney for City of San Jose*

ANTHONY P. CONDOTTI
City Attorney, City of Santa Cruz
Office of the City Attorney
333 Church Street
Santa Cruz, CA  95060
Ph. (831) 423-8383
Email: TCondotti@abc-law.com

*Attorney for City of Santa Cruz*

SUE GALLAGHER
City Attorney, City of Santa Rosa
City Attorney's Office
100 Santa Rosa Ave., Rm. 8
Santa Rosa, CA  95404
Ph. (510) 995-5800
Email: tstricker@srcity.org

*Attorney for City of Santa Rosa*