DENNIS J. HERRERA, State Bar #139669
City Attorney
JESSE C. SMITH, State Bar #122517
Chief Assistant City Attorney
RONALD P. FLYNN, State Bar #184186
Chief Deputy City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief of Complex and Affirmative Litigation
TARA M. STEELEY, State Bar #231775
SARA J. EISENBERG, State Bar #269303
AILEEN M. McGRATH, State Bar #280846
MATTHEW S. LEE, State Bar #295247
NEHA GUPTA, State Bar #308864
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4602
Telephone:     (415) 554-4748
Facsimile:     (415) 554-4715
E-Mail:        brittany.feitelberg@sfcityatty.org

Attorneys for Plaintiff
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD J. TRUMP, President of the United States, UNITED STATES OF AMERICA, ELAINE DUKE, Acting Secretary of United States Department of Homeland Security, JEFFERSON B. SESSIONS III, Attorney General of the United States, DOES 1-100,<br><br>Defendants. | Case No. 3:17-cv-00485-WHO<br><br>**UNOPPOSED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO N.D. CAL. CIVIL L.R. 3-12(B)**<br><br>Date Filed: January 31, 2017 |

## INTRODUCTION

Plaintiff City and County of San Francisco ("San Francisco"), a party in this action, has filed a

separate action challenging several new grant conditions imposed by the United States Department of

Justice. *City and County of San Francisco v. Sessions, et. al.*, Case No. 3:18-cv-05146-JCS ("*San Francisco v. Sessions II*"), involves the same parties and very similar issues to those presently before this Court in *City and County of San Francisco v. Sessions*, Case No. 3:17-cv-04642-WHO ("*San Francisco v. Sessions I*") and *Becerra v. Sessions*, Case No. 3:17-cv-04701-WHO.  The case also involves the same Plaintiff, one of the same Defendants, and similar issues to those this Court has considered in *City and County of San Francisco v. Trump et al.*, Case No. 3:17-cv-00485-WHO ("*San Francisco v. Trump*").  Pursuant to Civil Local Rule 3-12(b), San Francisco respectfully requests that the Court consider whether these matters may be related, and conclude that they are.  Defendants do not object to this request.  *See* Declaration of Sara J. Eisenberg in Support of Administrative Motion to Consider Whether Cases Should Be Related ("Eisenberg Decl.") ¶ 6.

**DISCUSSION**

"An action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  N.D. Cal. Civ. L.R. 3-12(a).  *San Francisco v. Sessions II*, *San Francisco v. Sessions I*, *Becerra v. Sessions*, and *San Francisco v. Trump* concern substantially the same parties, and they all challenge actions by President Trump's Administration to attempt to withhold federal funds from sanctuary cities.[1]  This Court has already found *San Francisco v. Sessions I* and *San Francisco v. Trump* to be related to one another (Related Case Order, *San Francisco v. Trump*, Dkt. No. 157),[2] and it should likewise find *San Francisco v. Sessions II* to be related to these cases.

*San Francisco v. Trump* challenges provisions of President Trump's January 25, 2017 executive order directing specified actions against state, local, and municipal governments deemed to be so-called "sanctuary jurisdictions."  Exec. Order 13,768, 82 Fed. Reg. 8799 (Jan. 25, 2017) (the

---

[1] The complaints in *San Francisco v. Sessions I*, *San Francisco v. Sessions II*, and *San Francisco v. Trump* are attached as Exhibits 1, 2, and 3, respectively, to the Declaration of Sara J. Eisenberg filed with this Motion.

[2] The Court has also related *San Francisco v. Trump* to two other cases challenging Executive Order No. 13,768.  *See* Related Case Ord., *San Francisco v. Trump*, Dkt. Nos. 19 (relating *County of Santa Clara v. Trump et al.*, Case No. 5:17-cv-00574-WHO) and 53 (relating *City of Richmond v. Trump, et al.*, Case No. 3:17-cv-01535-WHO).  The Court has also related *San Francisco v. Sessions I* to *Becerra v. Sessions*.  *See* Related Case Ord., *San Francisco v. Sessions I*, Dkt. No. 34.

"Executive Order").  Among other things, the Executive Order directs the Attorney General and the Secretary of Homeland Security to ensure that sanctuary jurisdictions "are not eligible to receive Federal grants, except as deemed necessary for law enforcement purposes by the Attorney General or the Secretary."  *Id.* § 9(a).  San Francisco contends that this violates constitutional separation of powers, the Spending Clause, and the Tenth Amendment.  Second Am. Compl. for Declaratory and Inj. Relief ¶¶ 144-157, *San Francisco v. Trump*, Dkt. No. 105.  On November 20, 2017, the Court entered summary judgment in San Francisco's favor, finding the Executive Order unconstitutional for these reasons.  Order Granting Mot. for Summ. J. at 4, *San Francisco v. Trump*, Dkt. No. 200.  The Ninth Circuit affirmed the Court's judgment in substantial part, but remanded the case for further factual development concerning the proper scope of injunctive relief.  *City and County of San Francisco v. Trump*, No. 17-17478, 2018 WL 3637911 (9th Cir. Aug. 1, 2018).

*San Francisco v. Sessions I* challenges grant requirements that the United States Department of Justice imposed on the Edward Byrne Memorial Justice Assistance Grant ("Byrne JAG") Program for the FY 2017 grant cycle.  These requirements require grant recipients to (1) execute a certification of compliance with 8 U.S.C. § 1373 ("Section 1373"), (2) provide federal immigration officials access to local detention facilities to interrogate any suspected aliens held there, and (3) provide the Department of Homeland Security with 48 hours' notice before releasing an individual, where the federal government has requested notice in order to take that individual into custody for immigration reasons.  First Am. Compl., ¶¶ 71-116, *San Francisco v. Sessions I*, Dkt. No. 61.  San Francisco contends that these requirements violate the Constitution's separation of powers and Spending Clause.  *Id.* ¶¶ 177-192.  These provisions seek to usurp Congress' power to attach conditions on federal grant funding, because Congress has neither included these conditions in any federal statute nor authorized the Attorney General to impose them.  In addition, the requirements are ambiguous and are not germane to the stated purposes of the statutory program.  Further, *San Francisco v. Sessions I* seeks declaratory relief that the Department of Justice may not withhold Byrne JAG funding from San Francisco on the basis of Section 1373, because San Francisco's laws—as well as the policies of the San Francisco departments administering Byrne JAG-funded programs—comply with Section 1373.  *Id.* ¶¶ 166-176.

Admin. Motion Re: Cases Related;
Case No.  3:17-CV-00485-WHO

3

n:\cxlit\li2018\171027\01301045.docx

*San Francisco v. Sessions II* also concerns the Department of Justice's authority to impose immigration-related conditions on federal grant funding. *San Francisco v. Sessions II*, like *San Francisco v. Sessions I*, concerns requirements the Department of Justice has imposed on the Byrne JAG program—this time, on the FY 2018 grant program. As in *Sessions I*, the FY 2018 requirements all constitute efforts by the Department of Justice to coerce state and local jurisdictions to participate in federal immigration enforcement. Several of the challenged conditions are little more than repackaged versions of the FY 2017 requirements that are the subject of litigation in *Sessions I*. Others, however, go much further, implying that sanctuary jurisdictions violate federal criminal laws simply by having sanctuary city policies.

Specifically, the new FY 2018 requirements require grant recipients to (1) certify that they will not "impede" the federal government's authority under 8 U.S.C. §§ 1226 and 1231, including by agreeing to provide at least 48 hours' advance notice to federal immigration authorities regarding the scheduled release date and time of an alien in the recipient's custody when the Department of Homeland Security requests such notice in order to take custody of the alien pursuant to the Immigration and Nationality Act; (2) certify that they will not "impede" the federal government's authority under 8 U.S.C. § 1357, including by agreeing to provide Department of Homeland Security personnel with access to any correctional or detention facility to meet with an alien (or an individual believed to be an alien) and inquire as to his or her right to be or remain in the United States; (3) certify that they have no laws, policies, or practices that would violate, or aid or abet any violation of, 8 U.S.C. § 1324, which, *inter alia*, makes it a criminal offense to conceal or harbor an individual who is unlawfully present in the United States; and (4) certify that they will not "impede" the federal government's authority under 8 U.S.C. § 1366 in some unspecified fashion. *See* Complaint, *San Francisco v. Sessions II*, Dkt. No. 1; *see also* U.S. Dep't of Justice, Edward Byrne Memorial Justice Assistance Grant (JAG) Program – Local Solicitation, https://www.bja.gov/Funding/JAGLocal18.pdf. As in *Sessions I*, San Francisco contends that each of these requirements violates the Constitution's separation of powers and Spending Clause. These provisions likewise seek to usurp Congress' power to attach conditions on federal grant funding, because Congress has not authorized the Attorney General to impose them. In additions, the requirements are ambiguous and not germane to the stated

purposes of the Byrne JAG program.

The three cases also concern substantially the same parties.  The parties in *San Francisco v. Sessions I* and *San Francisco v. Sessions II* are identical.  *San Francisco v. Trump* and *San Francisco v. Sessions II* also have significant overlap between the parties: San Francisco is the plaintiff in both suits, and Attorney General Jefferson B. Sessions is a defendant in both suits.  *San Francisco v. Trump* also names as defendants President Trump, U.S. Department of Homeland Security Secretary John F. Kelly, and the United States.  *San Francisco v. Sessions II* also names as defendants Laura L. Rogers, Acting Assistant Attorney General of the United States, and the United States Department of Justice.

Given the overlap in parties and the similar factual and legal issues involved, conducting these actions in two courts simultaneously may lead to unnecessary duplication of effort and the potential for conflicting results.

Defendants do not object to the request that these cases be related.  *See* Eisenberg Decl. ¶ 6.

## CONCLUSION

For the foregoing reasons, San Francisco respectfully requests that the Court find that *San Francisco v. Sessions II* is related to *San Francisco v. Trump*—and the other cases that have been related thereto—under Local Rule 3-12.


Dated:  August 29, 2018

> DENNIS J. HERRERA
> City Attorney
> JESSE C. SMITH
> RONALD P. FLYNN
> YVONNE R. MERÉ
> TARA STEELEY
> SARA J. EISENBERG
> AILEEN M. McGRATH
> MATTHEW S. LEE
> NEHA GUPTA
>
> Deputy City Attorneys
>
> By: */s/ Sara J. Eisenberg*
> SARA J. EISENBERG
> Deputy City Attorney
>
> Attorneys for Plaintiff
> CITY AND COUNTY OF SAN FRANCISCO