DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 175394
Chief Deputy City Attorney
MOLLIE M. LEE, SBN 251404
Chief of Strategic Advocacy
SARA J. EISENBERG, SBN 269303
Chief of Complex and Affirmative Litigation
NANCY E. HARRIS, SBN 197042
KARUN A. TILAK, SBN 323939
Deputy City Attorneys
Fox Plaza
1390 Market Street, 7th Floor
San Francisco, CA  94102-5408
Telephone:     (415) 355-3308
Facsimile:     (415) 437-4644
E-Mail:        karun.tilak@sfcityatty.org

Attorneys for Plaintiff
CITY AND COUNTY OF SAN FRANCISCO

TONY LOPRESTI, SBN 289269
County Counsel
KAVITA NARAYAN, SBN 264191
Chief Assistant County Counsel
MEREDITH A. JOHNSON, SBN 291018
Lead Deputy County Counsel
STEFANIE L. WILSON, SBN 314899
RAJIV NARAYAN, SBN 334511
Deputy County Counsels
70 W. Hedding Street, East Wing, 9th Floor
San José, CA 95110
Telephone:     (408) 299-5900
Facsimile:     (408) 292-7240
E-Mail:        tony.lopresti@ccoscgov.org

Attorneys for COUNTY OF SANTA CLARA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>   Plaintiff,<br><br>   vs.<br><br>DONALD J. TRUMP, President of the United States, UNITED STATES OF AMERICA, JOHN F. KELLY, Secretary of United States Department of Homeland Security, JEFFERSON B. SESSIONS III, Attorney General of the United States, DOES 1-100,<br><br>   Defendants. | Case No. 3:17-cv-00485-WHO<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Under Northern District of California Civil Local Rules 3-12 and 7-11, Party City and County of San Francisco and Non-Party County of Santa Clara (collectively "Counties") respectfully request that the Court consider whether the action *City and County of San Francisco v. Trump*, No. 25-cv-1350 (N.D. Cal.) ("Action"), should be related to this case and already-related cases:

- *City and County of San Francisco v. Trump*, No. 3:17-cv-00485-WHO (N.D. Cal.);
- *County of Santa Clara v. Trump*, No. 3:17-cv-00574-WHO (N.D. Cal.);
- *City of Richmond Police Department v. Trump*, No. 3:17-cv-01535-WHO (N.D. Cal.);
- *City and County of San Francisco v. Sessions*, No. 3:17-cv-04642-WHO (N.D. Cal.);
- *State of California v. Sessions*, No. 3:17-cv-04701-WHO (N.D. Cal.);
- *City and County of San Francisco v. Sessions*, No. 3:18-cv-05146-WHO (N.D. Cal.);
- *State of California v. Sessions*, No. 3:18-cv-05169-WHO (N.D. Cal.); and
- *State of California v. Barr*, No. 3:19-cv-06189-WHO (N.D. Cal.).

This Court's Local Rules provide that "[a]n action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." N.D. Cal. Civ. L.R. 3-12(a). Whenever a party knows or learns that an action filed in this District is related to an action "which is or *was* pending in this District," the party "must" file in the lowest-numbered case an administrative motion to consider whether cases should be related. N.D. Cal. Civ. L.R. 3-12(b) (emphasis added).

Relation is proper here because the Counties' Action concerns "substantially the same parties, property, transaction[s], or event[s]" as the eight already-related cases. *See* N.D. Cal. Civ. L.R. 3-12(a). Like those cases, the Action challenges—on many of the same grounds and with many of the same parties—the federal government's attempts to condition, through Executive Branch action, localities' receipt of federal funds on their cooperation with federal civil immigration enforcement priorities. The following table details the substantial similarities between the Action and those cases:[1]

| Already-Related Case | Substantial Similarities to the Counties' Action |
|---|---|
| *City and County of San Francisco v. Trump*, No. 3:17-cv-00485-WHO (N.D. Cal.) | - Same plaintiff: City and County of San Francisco<br>- Same defendants: Donald Trump, the United States, the Attorney General, and the Secretary of the Department of Homeland Security<br>- Substantially the same event: executive action threatening to withhold federal funding from "sanctuary" jurisdictions, including President Trump's Executive Order 13768 |

---

[1] For ease of reference, the complaint in the Action and the complaints in the already-related cases are attached as exhibits to the Declaration of Karun A. Tilak in Support of Administrative Motion to Consider Whether Cases Should Be Related.

| Already-Related Case | Substantial Similarities to the Counties' Action |
|---|---|
| | • Same claims: constitutional violations—separation of powers, the Spending Clause, and the Tenth Amendment |
| *County of Santa Clara v. Trump*, No. 3:17-cv-00574-WHO (N.D. Cal.) | • Same plaintiff: County of Santa Clara<br>• Same defendants: Donald Trump, the Attorney General, and the Secretary of the Department of Homeland Security<br>• Substantially the same event: executive action threatening to withhold federal funding from "sanctuary" jurisdictions, including President Trump's Executive Order 13768<br>• Same claims: constitutional violations—separation of powers and the Fifth Amendment |
| *City of Richmond Police Department v. Trump*, No. 3:17-cv-01535-WHO (N.D. Cal.) | • Same defendants: Donald Trump, the United States, the Attorney General, and the Secretary of the Department of Homeland Security<br>• Substantially the same event: executive action threatening to withhold federal funding from "sanctuary" jurisdictions, including President Trump's Executive Order 13768<br>• Same claims: constitutional violations—separation of powers, the Spending Clause, the Fifth Amendment, and the Tenth Amendment |
| *City and County of San Francisco v. Sessions*, No. 3:17-cv-04642-WHO (N.D. Cal.) | • Same plaintiff: City and County of San Francisco<br>• Same defendants: the Attorney General and the Department of Justice<br>• Substantially the same event: executive action threatening to withhold federal funding from "sanctuary" jurisdictions, including unlawful conditions on grant funding from the Department of Justice relating to compliance with 8 U.S.C. section 1373<br>• Same claims: constitutional violations—separation of powers and the Spending Clause—and violations of the Administrative Procedure Act |
| *State of California v. Sessions*, No. 3:17-cv-04701-WHO (N.D. Cal.) | • Same defendants: the Attorney General and the Department of Justice<br>• Substantially the same event: executive action threatening to withhold federal funding from "sanctuary" jurisdictions, including unlawful conditions on grant funding from the Department of Justice relating to compliance with 8 U.S.C. section 1373<br>• Same claims: constitutional violations—separation of powers and the Spending Clause—and violations of the Administrative Procedure Act |
| *City and County of San Francisco v. Sessions*, No. 3:18-cv-05146-WHO (N.D. Cal.) | • Same plaintiff: City and County of San Francisco<br>• Same defendants: the Attorney General and the Department of Justice<br>• Substantially the same event: executive action threatening to withhold federal funding from "sanctuary" jurisdictions, including unlawful conditions on grant funding from the Department of Justice relating to compliance with 8 U.S.C. section 1373<br>• Same claims: constitutional violations—separation of powers and the Spending Clause |

| Already-Related Case | Substantial Similarities to the Counties' Action |
|---|---|
| *State of California v. Sessions*, No. 3:18-cv-05169-WHO (N.D. Cal.) | • Same defendants: the Attorney General and the Department of Justice<br>• Substantially the same event: executive action threatening to withhold federal funding from "sanctuary" jurisdictions, including unlawful conditions on grant funding from the Department of Justice relating to compliance with 8 U.S.C. section 1373<br>• Same claims: constitutional violations—separation of powers, the Spending Clause, and the Tenth Amendment—and violations of the Administrative Procedure Act |
| *State of California v. Barr*, No. 3:19-cv-06189-WHO (N.D. Cal.) | • Same defendants: the Attorney General and the Department of Justice<br>• Substantially the same event: executive action threatening to withhold federal funding from "sanctuary" jurisdictions, including unlawful conditions on grant funding from the Department of Justice relating to compliance with 8 U.S.C. section 1373<br>• Same claims: constitutional violations—separation of powers and the Spending Clause—and violations of the Administrative Procedure Act |

The table above reflects that the Counties' action and the already-related cases concern "substantially the same parties, property, transaction[s], or event[s]." *See* N.D. Cal. Civ. L.R. 3-12(a). Relation is therefore proper here.

Relation is also proper because "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." *See* N.D. Cal. Civ. L.R. 3-12(a). In eight cases that together spanned four years, this Court reviewed and opined on much of the same factual background, legal and constitutional issues, and claims that now arise again in the Counties' Action. There is no benefit to requiring that another court take on from scratch an exercise this Court has repeatedly conducted and develop the expertise this Court already has amassed.

The Counties are prepared to maximize efficiency by coordinating with counsel, following any orders issued by this Court in the already-related cases, and following any other orders that may be entered before the Court acts on this motion. As explained in the accompanying Declaration of Karun A. Tilak, the Counties have not obtained a stipulation because they are filing this motion concurrent with their filing of the complaint.

For the foregoing reasons, the Counties respectfully request that this Court order their Action related to the eight actions identified above.

Dated:  February 7, 2025

                                        DAVID CHIU
                                        City Attorney
                                        YVONNE R. MERÉ
                                        Chief Deputy City Attorney
                                        MOLLIE M. LEE
                                        Chief of Strategic Advocacy
                                        SARA J. EISENBERG
                                        Chief of Complex and Affirmative Litigation
                                        NANCY E. HARRIS
                                        KARUN A. TILAK
                                        Deputy City Attorneys

                                By: */s/David Chiu*
                                        DAVID CHIU
                                        City Attorney

                                        Attorneys for Plaintiff
                                        CITY AND COUNTY OF SAN FRANCISCO


                                        TONY LOPRESTI
                                        County Counsel
                                        KAVITA NARAYAN
                                        Chief Assistant County Counsel
                                        MEREDITH A. JOHNSON
                                        Lead Deputy County Counsel
                                        STEFANIE L. WILSON
                                        RAJIV NARAYAN
                                        Deputy County Counsels

                                By: */s/Tony LoPresti*
                                        TONY LOPRESTI
                                        County Counsel

                                        Attorneys for COUNTY OF SANTA CLARA